**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.: 113896

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Christian Saint,

               Plaintiff,

         vs.

Quadra Media LLC,

              Defendant.

Docket No:

**COMPLAINT**

Christian Saint (hereinafter collectively referred to as "*Plaintiff*"), by and through its undersigned counsel, for his Complaint against Defendant Quadra Media LLC (hereinafter collectively referred to as "*Defendant*") states and alleges as follows:

### INTRODUCTION

1. This action seeks to recover for copyright infringement. Plaintiff herein provides professional photography goods and services and owns the rights to photographs featuring celebrities which he licenses to both online and print publications. Plaintiff has obtained U.S. copyright registrations covering many of its photographs, and many others are the subject of pending copyright applications.

2. Defendant owns and operates a media company which, *inter alia*, publishes a periodical named "Inked Magazine" and in support thereof maintains an account on Instagram with the username "@inkedmag" (referred to herein as the "*Instagram Account*").

1

3. Defendant, without permission or authorization from Plaintiff, actively copied, stored, modified, and displayed Plaintiff's photographs on the Instagram Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

4. Plaintiff Christian Saint is an individual who is a citizen of the State of New York and maintains a principal place of business in Kings County, New York.

5. On information and belief, Defendant Quardra Media LLC, is a New York Limited Liability Company with a principal place of business in New York County, New York and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

7. This Court has personal jurisdiction over Quardra Media LLC because Quardra Media LLC maintains its principal place of business in New York.

8. Venue is proper under 28 U.S.C. §1391(a)(2) because Quardra Media LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACSTS COMMON TO ALL CLAIMS

9. Plaintiff is the legal and rightful owners of photographs which he licenses to online and print publications.

10. Plaintiff has invested significant time and money in building his photograph portfolio.

11. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "USCO") which cover many of his photographs while many others are the subject of pending copyright applications.

12. Plaintiff's photographs are original, creative works in which Plaintiff's own protectable copyright interests.

13. Quardra Media LLC is the registered owner of the Instagram Account and is responsible for his content.

14. Quardra Media LLC is the operator of the Instagram Account and is responsible for his content.

15. The Instagram Account provides Defendant with social media support for its popular and lucrative enterprise and purposefully displayed Plaintiff's copyrighted photographs in order to boost the sales of its merchandise and apparel.

16. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, modified, stored and displayed Plaintiff's copyright protected photographs (hereinafter collectively referred to as "*Photographs*"), as set forth in Exhibit "A" which is annexed hereto and incorporated in its entirety herein, on the Instagram Account.

17. On information and belief, the Photographs were copied, modified, stored and/or displayed without license or permission, thereby infringing on his copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

18. As is set forth more fully in Exhibit "A", each Infringement contains a screen grab from the Instagram Account of a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific item of infringement.

19. Each Infringement is an exact copy of Plaintiff's original image that was directly copied and stored by Defendant on the Instagram Account.

20. Each Infringement constitutes a separate and distinct act of infringement by Defendant.

21. On information and belief, Defendant takes an active and pervasive role in the content posted on its Instagram Account.

22. On information and belief, Defendant contributes to the content posted on the Instagram Account by, inter alia, directly employing individuals (hereinafter collectively referred to as "Employees") who are responsible for operating and controlling the activities on the Instagram Account.

23. At all material times hereto in posting to the Instagram Account the Employees were acting within the course and scope of their employment.

24. At all material times hereto the Employees in posting to the Instagram Account were acting within the course and scope of their agency.

25. On information and belief, Defendant was aware of facts or circumstances

from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

26. On information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

27. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on his Instagram Account.

28. On information and belief, Defendant's Employees had complete control over and actively reviewed and monitored the content posted on the Instagram Account.

29. On information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

30. On information and belief, a large number of people hves viewed the unlawful copies of the Photographs on the Instagram Account.

31. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

32. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

33. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

34. The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

35. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

36. Without permission or authorization from Plaintiff and in willful violation of his rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and publicly displayed works copyrighted by Plaintiff thereby violating Plaintiff's exclusive rights in its copyrights.

37. Defendant's reproduction of the Photographs and display of the Photographs on

the Instagram Account constitutes willful copyright infringement.

38. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement or in the alternative Plaintiff's actual damages and the disgorgement of Defendant' wrongful profits in an amount to be proven at trial; and

    b. A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

    c. Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and

    d. Plaintiff's costs; together with

    e. Such other relief that the Court determines is just and proper.

DATED: August 28, 2017

**SANDERS LAW, PLLC**

By: ___/s/ Craig B. Sanders_____
SANDERS LAW, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.: 113896