**Law Offices of Mitchell Cantor**
355 Lexington Avenue, Suite 401
New York, NY 10017
mc@mcantorlawoffices.com
Telephone: (212) 679-7820

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Christian Saint,

    Plaintiff,

vs.

Quadra Media LLC,

    Defendant,

Docket No: 1:17-cv-07200-JGK

**ANSWER**

---

### Defendant's Answer to Plaintiff's Complaint

Defendant, by and through undersigned counsel The Law Offices of Mitchell Cantor, 355 Lexington Avenue, Suite 401, New York, NY 10017, hereby answers Plaintiff's Amended Complaint as follows:

### Admissions and Denials

1. The Defendant lacks knowledge or information sufficient to form a belief to the truth of the allegations set forth in paragraph 1 of the complaint.

2. The Defendant admits to the allegations set forth in paragraph 2 of the complaint.

3. The Defendant denies the allegations set forth in paragraph 3 of the complaint.

4. The Defendant lacks knowledge or information sufficient to form a belief to the truth of the allegations set forth in paragraph 4 of the complaint.

5. The Defendant denies the allegations set forth in paragraph 5 of the complaint.

6-8. Paragraphs 6-8 of the complaint refer to the Court's Jurisdiction over the Defendant and are legal conclusions as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief to the truth of the allegation contained in paragraphs 6, 7 and 8 of the complaint.

9. The Defendant denies the allegations set forth in paragraph 9 of the complaint.

10. The Defendant lacks knowledge or information sufficient to form a belief to the truth of the allegations set forth in paragraph 10 of the complaint.

11. The Defendant lacks knowledge or information sufficient to form a belief to the truth of the allegation set forth in paragraph 11 of the complaint.

12. The Defendant lacks knowledge or information sufficient to form a belief to the truth of the allegation set forth in paragraph 12 of the complaint

13-15. The Defendant admits the allegations set forth in paragraphs 13, 14 and 15 of the complaint.

16-20. The Defendant denies all of the allegations set forth in paragraphs 16, 17, 18, 19 and 20 of the complaint.

21. The Defendant admits the allegations set forth in paragraph 21 of the complaint to the extent that its employees do take an active role in the content it posts on its Instagram Account. Defendant lacks knowledge or information sufficient to form a belief as to the portion of the allegation that alleges Defendant takes a "pervasive role" in the content posted on its Instagram Account.

22. The Defendant admits that allegations set forth in paragraph 22 of the complaint to the extent that it admits that its employees are responsible for operating and controlling its Instagram Account.

23. Paragraph 23 of the complaint asserts a legal conclusion in which no response is required. To the extent a response is required, Defendant lacks the knowledge or information sufficient to form a belief to the truth of the allegations set forth in paragraph 23 of the complaint.

24. Paragraph 24 of the complaint asserts a legal conclusion in which no response is required. To the extent a response is required, Defendant lacks the knowledge or information sufficient to form a belief to the truth of the allegations set forth in paragraph 24 of the complaint.

25-32. The Defendant denies all allegations set forth in paragraphs 25, 26, 27, 28, 29, 30, 31 and 32 of the complaint.

33. Paragraph 33 of the complaint reasserts and incorporates the allegations in the preceding paragraphs. Consequently no response is required. To the extent a response is required the Defendant reaffirms the responses to the paragraphs reasserted and incorporated as set forth the preceding paragraphs of Defendant's answer.

34. The Defendant lacks knowledge or information sufficient to form a belief to the truth of the allegations set forth in paragraph 34 of the complaint.

35-38. The Defendant denies all allegations set forth in paragraphs 35, 36, 37 and 38 of the complaint.

39. The remainder of the Amended Complaint constitutes Plaintiff's request for relief to which no responsive pleading is necessary. To the extent a responsive pleading is required, Defendant denies Plaintiff's allegations that Plaintiff is entitled to the relief sought.

40. All allegations that have not been specifically admitted are hereby denied.

## First Affirmative Defense
### (Failure to State a Cause of Action)

41.     Plaintiff has failed to state a cause of action upon which relief may be granted.

## Second Affirmative Defense
### (Authorized use)

42.     The Plaintiff entered into a valid work for hire and licensing agreement (henceforth "Agreement") with the Defendant dated June 29, 2014. The Agreement is annexed hereto as Exhibit A.  The Agreement states that Plaintiff provided photographic images to Defendant for hire in return for consideration and the Plaintiff licensed to Defendant and to all of Defendant's international sublicensees thereof use of any photographic images selected by the Defendant for publication in multiple publications, sites or portals operated by the Defendant. The Agreement further states that the Plaintiff licensed to Defendant the use of any photographic images submitted and selected by the Defendant for reproduction in and in connection with products branded, marketed or otherwise sold by the Defendant under any trademark or fictitious name.

## Third Affirmative Defense
### (Lack of Capacity to Sue)

43.     The Plaintiff has filed this action under the fictitious name "Christian Saint" and cannot maintain an action under this fictitious name. Christian Saint is a pseudonym. The legal name of Plaintiff is Dale Edward May and it appears as such on the work for hire and licensing agreement between Plaintiff and Defendant and on the Copyright Registration which Plaintiff has submitted as an exhibit to this action in support thereof.

## Fourth Affirmative Defense
## (Standing)

44. The pseudonym "Christian Saint" is not Plaintiff's legal name. Consequently "Christian Saint' is neither a natural or juridical person and as such has no standing to maintain this or any other action.

Dated: November 27, 2017

                                                LAW OFFICES OF MITCHELL CANTOR

                                                _____

                                                Mitchell Cantor
                                                355 Lexington Avenue, Suite 401
                                                New York, New York  10017
                                                Tel.  (212) 679-7820
                                                mc@mcantoroffice.com
                                                Attorneys for Defendant

TO:  SANDERS LAW, PLLC
       100 Garden City Plaza, Suite 500
       Garden City, New York  11530
       Tel.  (516) 203-7600
       csanders@sanderslawpllc.com
       Attorneys for Plaintiff